## No. 3405.

### Spearing & Co. v. Succession of J. W. Zacharie.

The plea of prescription is set up against the suit of plaintiffs based upon the following instrument: "New Orleans, June 3, 1862. Due Messrs. Spearing & Co. six thousand dollars in current funds, subject to their draft or drafts, at not less than sixty days after sight."

This instrument is virtually an unconditional promise to pay a specific sum in current funds sixty days after demand. It contains substantially the elements of a promissory note. Therefore the action is barred by the prescription of five years.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Ruddeckee & Upton*, for plaintiffs and appellants. *James Lingan*, for defendant and appellee.

Wyly, J. This suit is based on the following instrument:

"New Orleans, June 3, 1862.

"Due Messrs. Spearing & Co. six thousand dollars in current funds, subject to their draft or drafts at not less than sixty days after sight.

"J. W. ZACHARIE,

$6000.                                    " pp. Robert Jump."

The court sustained the plea of prescription of five years and dismissed the suit. The plaintiffs appeal. The question is, is the above instrument a promissory note? If so, the action is barred by prescription. It is an acknowledgment of an indebtedness of a specific sum, subject to (or payable), on payee's draft or drafts, at not less than sixty days after sight. It is virtually an unconditional promise to pay a specific sum in current funds sixty days after demand.

In our opinion it contains substantially the elements of a promissory note. 22 An. 28; Parsons on Notes and Bills, chapter 2, pages 23–24.

It is therefore ordered that the judgment herein be affirmed with costs.