## No. 6630.

### BAZILE BARTHE vs. SUCCESSION OF J. LACROIX.

A promissory note for a certain sum executed by a person in favor of his employee, payable at the maker's death, although said sum be not legally due, will not be deemed as a donation in disguise, if it appear that the note has for its consideration the natural obligation in favor of the employee, arising out of his long services to the maker.

APPEAL from the Second District Court, parish of Orleans. *Tissot,.* J.

*J. A. Seghers*, for plaintiff and appellee.

*Charles E. Schmidt*, for defendant.

The opinion of the court was delivered by

SPENCER, J. Plaintiff was for a number of years a trusted employee of the deceased Lacroix. His wages appear to have been only fifteen dollars per month. In 1864, Lacroix being in bad health and sick, sent for two friends, Garlepied and Reyff, and told them he felt under obligations to plaintiff and directed to be drawn up and attested by them a. note in plaintiff's favor for five hundred dollars, payable at his (Lacroix's) death. The note was so drawn, signed by Lacroix, and delivered to plaintiff, who kept it until it was destroyed with his other effects by fire a year or more afterward. About twelve years after this transaction Lacroix died, and this suit is brought to recover the amount of said note.

The defense is that the note was given without consideration, and that. it was at best a disguised donation, void for want of form, etc.

There was judgment for plaintiff, and the executor of Lacroix appeals.

The plaintiff and said two attesting witnesses were sworn on the trial below, and they fully prove the execution of the obligation as stated. Plaintiff says in substance it was given as a gratuity beyond his wages. and for faithful and long service. He speaks of it as a donation for his. services. The witness Garlepied (who drew up the note) says he got the impression from what Lacroix said that plaintiff was dissatisfied with his wages and was talking of leaving his employ, and that the note was given to satisfy and keep him. The other witness, Reyff, says nothing of this proposed departure of plaintiff from service, but speaks of its. being a donation for services, a gratuity, etc.

It also appears that four or five days after this five-hundred-dollar note was thus given, Lacroix made his will and appointed Mr. Crabites his executor. He at the same time executed a second note for one hundred and fifty dollars in favor of plaintiff, payable on demand, and this was given to the executor with verbal instructions to pay it after his (Lacroix's) death, saying that he wanted "to give a reward to Mr. Barthe, his clerk." The executor swears that Lacroix, although intimate with him and living a number of years after the date of this will, never said anything about having executed the five-hundred-dollar note. The plaintiff swears that this one-hundred-and-fifty-dollar note was given for wages actually due him, and that the deceased afterward paid him one hundred dollars on account of it.

We have read all the evidence in this case carefully, and the conclusion we have reached is that the deceased, Lacroix, being without family, and believing that plaintiff had served him long and faithfully at very small wages, felt that he was under a moral obligation to remunerate him beyond his wages, and executed this five-hundred-dollar note for that purpose.

In one sense it was a gratuity; *i. e.*, he was under no legal obligation to do so. In another sense it was the fulfillment of a natural obligation. We think that there was a good and valid consideration for the note. Under this view it becomes unnecessary to pass upon the questions raised as to the validity of donations disguised under the form of onerous contracts.

Judgment affirmed with costs of both courts.