## No. 9371.

### JOSEPH MEYER vs. SIMON WEIL.

An obligation containing the words: "This is to certify that I am to pay," etc., is an unconditional promise to pay money or a promissory note.

Suits brought on unconditional obligations to pay money, must be tried without a jury, *unless* the defendant pleads want of consideration, or sets up a reconventional demand, *and* makes oath to the truth of the allegations of his defense.

In such suits, and in the absence of such oath to such defenses, the court is right in striking the case from the jury docket and in passing upon it itself

APPEAL from the Fifteenth District Court, Parish of West Feliciana, Yoist, J.

*Wickliffe & Fisher* and *S. C. McLawrason* for Plaintiff and Appellee.

*W. W. & H. C. Leake* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This suit is brought on the following written obligation:

" $3,000.00.

"BAYOU SARA, LA., February 24, 1883.

"This is to certify that I am to pay to Joseph Meyer, the sum of three thousand dollars, on the first day of February, 1884, said sum being agreed upon as per contract signed before C. W. Barrow, clerk, this day, and being his interest in the property of the store of Simon Weil, upper store.

(Signed)                                    SIMON WEIL."

The defense is failure of consideration.   On an averment of injury, inflicted on him by the plaintiff, in his business, the defendant claims five thousand dollars in reconvention, praying for a trial by jury.

On the day of trial, plaintiff moved to have the case transferred from the jury to the court docket, on the ground that the obligation sued on is *unconditional*, and that the defense is not verified by *affidavit*.

The court sustained the motion and the defendant reserved a bill.

On the merits, the court rendered judgment for plaintiff, nonsuiting defendant on his reconventional demand.   Defendant appeals.

### ON THE BILL.

The word "*promise*" is not sacramental in a promissory note.   No particular form is required by law.   It is enough if the note contain a legal promise for the certain payment of a specified sum, and, that the maker and payee be designated with sufficient certainty.

Meyer vs. Weil,

The language used in this case, is precise, positive, peremptory. It is of, at least, equivalent force and similar meaning. It is rather emphatic. It *certifies* that the maker *is to pay*, that is, *must* and *shall* pay. It clearly meets all legal exigencies in that respect, and makes the instrument an unconditional obligation to pay. Parsons on Prom. Notes. Vol. 1, pp. 14, 21, 23; Daniels on Negot. Instr., Vol. 1, p. 32, sec. 36; p. 91, sec. 104, Boyle on Bills, 8; Chitty on Bills, 130; Story on Notes, 1, 14; 22 Ann. 28, 180, 452; 21 Ann. 121; 15 Ann. 143.

It is true that the contract mentioned in the note forms part of it, in as much as reference is made to it in the instrument; but, it was not necessary for the plaintiff, in the absence of any ambiguity, to have produced it, as it only states the consideration. He nevertheless did so. It was referred to for the purpose of showing that the note was issued in furtherance of it. The note states that the consideration of the $3000, which the drawer certifies he was to pay to the plaintiff, was his interest in the property of a certain store.

The contract is in the record. It does not set forth that payment of the note sued on is to be made dependent on any contingency whatever. It is altogether reticent on that subject.

The defendant says that the condition affixed to the payment was that plaintiff would carry out his obligations under the contract, and that, as the plaintiff has violated them and inflicted damage on him, he cannot recover.

We have failed to discover any such understanding or provision in the contract, which is a compromise of a pending suit, and, therefore, conclude that the obligation sued on is an *unconditional* one, therefore a *promissory* note.

The preliminary decision of this question, the character of the obligation, was necessary to pass upon the correctness of the ruling of the district judge, transferring the case from the jury to the court docket.

The Code of Practice, 494, provides: That suits brought on unconditional obligations to pay money, shall be tried without a jury, unless the defendant shall plead, that it issued without consideration, or set up compensation, or reconvention, and makes *oath* to the allegations of the plea or answer.

The defendant has not complied with this exigency of the law. He should have sworn to the averments of his defense.

The district judge therefore ruled correctly by striking the case from the jury docket and trying the same himself.

ON THE MERITS.

The note and the contract establish plaintiff's demand.

The evidence, under the reconventional demand for remote and supposititious damages, has failed to satisfy us, as it did the district judge, that, as charged, the plaintiff had interfered with the defendant's business by deterring others from dealing with him. The plaintiff in reconvention was properly non *suited*.

Judgment affirmed with costs.