Plaintiff, Thelma McDaniels, filed suit against the defendants herein, Emile B. Doll, a real estate broker, and Mrs. Carmen Rodriguez, the owner of the property in question, for the return of a deposit of 10% or $680, retained by Emile B. Doll, in connection with an agreement to purchase from Mrs. Rodriguez, the property bearing the municipal number 2027-29 N. Rampart Street, in the City of New Orleans, for the price of $6,800.
Defendants filed an "exception" to plaintiff's petition, contending that the said petition embraced two inconsistent causes of action: (a) that the contract was valid but its conditions could not be met, and (b) that the contract was a nullity by virtue of a "potestative condition" and, therefore, plaintiff should be ordered to elect one of said causes of action. The learned judge, a quo, overruled the exception and defendants then answered reserving their exception and denying that plaintiff was entitled to a return of the deposit. They further answered and reconvened for the sum of $340, which represents the real estate broker's commission of 5%, and for the sum of $680, which represents the deposit of 10% allegedly due to the owner of the property as earnest money.
The lower court rendered judgment in plaintiff's favor and against the defendants, in solido, for the sum of $680, and dismissed the reconventional demand. From this judgment the defendants have prosecuted this appeal.
Defendants have apparently abandoned their exception as it has not been urged on appeal either in brief or oral argument. *Page 531 
The record reflects that on December 6, 1947, the plaintiff, through Emile B. Doll, signed an offer to purchase the property bearing the municipal number 2027-29 N. Rampart Street, in the City of New Orleans, for the price of $6,800, payable $2,000 cash and the "balance homestead loan, to be arranged by purchaser or agent, any New Orleans homestead or private loan same plan; yearly interest 6% or less, maturity not exceeding 15 years * * * subject to sale of property 343 Heloise Ave." The contract further provided "If this offer is accepted, I obligate myself to deposit with Emile B. Doll Agent, 10% of the purchase price in 5 days. Should I fail to comply with above offer, if accepted, I obligate myself to pay your commission of 5%. Should I comply with offer, vendor is to pay the commission of 5%."
The offer was accepted on December 6, 1947, by the owner. The deposit of 10% or $680 was accepted and retained by Emile B. Doll, the real estate broker.
Plaintiff applied to the Third District Homestead Association for a loan of $4,800. In due course she was advised by the homestead that a loan could be granted for only $3,000, which, of course, was based on the Central Appraisal Bureau's evaluation of the property for homestead loan purposes. Plaintiff then attempted to secure a private loan for $4,800 through the office of Mr. Maurice Goldstein and was equally unsuccessful. Goldstein would agree to lend plaintiff only the sum of $4,000, whereas, she required a loan of $4,800 to consummate the sale.
Plaintiff contends that she was unable to secure either a homestead or private loan as provided for in the agreement and she is, therefore, at liberty to recede from the agreement.
Defendants offered to prove over the objection of plaintiff's counsel, which was sustained by the judge, a quo, that plaintiff and defendants had entered into an oral agreement, subsequent to the written agreement of December 6, 1947, to the effect that plaintiff would accept the offer of the Third District Homestead Association to lend her $3,000, and that the vendor, Mrs. Rodriguez, would carry a second mortgage on homestead terms for $1,800, thus with the cash payment of $2,000 by the plaintiff, the sum of $6,800 would be realized and the sale could be consummated.
Defendants contend that the plaintiff, a woman "who admits she has been married but who can give no definite information regarding the dissolution of her marriage, cannot insist on a judgment in her favor personally, for a money claim which, in the absence of all contrary evidence or necessary averments in her pleadings, belongs not to her individually, but to the matrimonial community between her husband and herself."
The plaintiff's testimony, reflected by the record, on this point is to the effect that her husband, Louis D. York, died on January 19, 1936. She is not certain as to the place of his death, since it appears that she had been separated from him for about twenty years, but believes that his mother told her that he died in Texas.
Subsequently, after the case had been submitted and taken under advisement, defendants filed a supplemental brief and attached thereto a certified copy of an act of sale before Edward B. Ellis, Notary Public for the Parish of Orleans, dated April 15, 1943, indicating that Albert B. McKay and his wife, Lillian Atwell, sold to John M. Grisaffi "of legal age and residing in New Orleans, who declares to me Notary he has been married but once and then to Thelma McDaniels with whom he is living", a piece of property designated by the municipal number 343 Helois Street, Metairie, Louisiana, which act of sale was signed by John M. Grisaffi and Thelma Grisaffi and also a photostatic copy of an act of sale before W. J. Waguespack, Jr., Notary Public, dated December 29, 1947, which indicates that John M. Grisaffi "of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana, who declared under oath that he has been married but once and then to Thelma McDaniels, with whom he is living and residing", sold a piece of property designated as 343 Helois Street, Metairie, Louisiana, to the Homeseekers Building Loan Association, a corporation of this City represented by John L. Oster, its President, said act being *Page 532 
signed by John M. Grisaffi and Mrs. J. M. Grisaffi.
Plaintiff filed a supplemental brief which we quote in full and which admits the existence of the two acts hereinabove referred to, which defendants attached to their supplemental brief:
"Defendants and Appellants have filed a supplemental brief alleging that Thelma McDaniels is the wife of John M. Grisaffi.
"On April 15, 1943, Thelma McDaniels acquired a piece of property under the name of Mrs. John M. Grisaffi with John M. Grisaffi, which was sold on December 29, 1947.
"At the time the property was sold, and at the time of its acquisition, she and John M. Grisaffi intended to marry. The marriage was never consummated. Thelma McDaniels and John M. Grisaffi were never married, therefore it is needless to answer the rest of the supplemental brief."
It will be recalled that the original offer to purchase the property in question in the present suit — 2027-29 N. Rampart Street, dated December 6, 1947, was made "subject to sale of property 343 Helois Ave.", which is the identical property involved in both of the acts of sale which were attached to the defendants' supplemental brief.
In the instant case the face of the pleadings clearly showed a cause and a right of action in the plaintiff. Presented with these affirmative allegations defendants joined issue on the merits without questioning the right of plaintiff to stand in judgment. However, from testimony adduced at the trial in the lower court, together with the acts of sale attached to defendants' supplemental brief, it may be that there is actually a total absence of right on the part of the plaintiff to institute this suit or to stand in judgment therefor. If the plaintiff were to prove that the defendants are justly indebted for the amount sued for and they should be ordered to return the amount of the deposit, it may be that she would not be entitled to judgment in her favor if she is a married woman.
The record clearly shows that the demand is one for the return of a deposit which, because of the suspicious circumstances encompassing the plaintiff's marital status, may be a community asset, the recovery of which is vested by law exclusively in the husband as head and master of the community.
It is axiomatic in our law, that in all suits for the restitution of a community asset or debts due to the community, — an action, for the recovery thereof, must be prosecuted by the husband as head and master of the community, and the wife cannot stand in judgment therefor. The vindication of community rights is vested alone in the husband. This doctrine is sustained not only by our codal law, the economic and social philosophy of which is sound, but by an unbroken and uniform line of decisions and, therefore, none need be cited in support thereof.
An appellate court is vested with discretion to remand a case whenever the ends of justice will best be served, but we have been somewhat concerned over the question of whether we should remand the case in toto or whether we should remand it only for the purpose of adducing additional evidence as to the plaintiff's marital status. We are fully cognizant of the general rule that an appellate court should consider all issues presented by the record and supported by the evidence, however, the case presently under consideration is, in our opinion, an exception to the general rule, in that the very fundamental right of the plaintiff to initiate this cause of action and to subsequently stand in judgment is at issue and, therefore, we have come to the conclusion that the ends of justice in this case would best be served by remanding the case in toto, since we are of the opinion that the whole complexion of the case may be modified or changed when sufficient evidence is adduced to clarify the suspicious circumstances encompassing plaintiff's marital status.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there be further judgment remanding the case to the Civil District Court for the Parish of Orleans for further proceedings *Page 533 
according to law and not inconsistent with the views herein expressed. All costs to await the final determination of this suit.
Reversed and remanded.