McBRIDE, Judge.
The defendants herein are the legal heirs of the late Frank J. Saltalamachia, whose succession they accepted purely, simply and unconditionally. Plaintiff sues them to recover the sum of $1,000 on a document written and signed by Saltalamachia in the following words and figures:
“Pay to L. O’Rourke — $1,000.00
F. J. Saltalamachia.”
Plaintiff alleged she is the holder and owner in due course and for value of an “acknowledgment of debt and/or negotiable instrument” signed by Frank J. Saltala-machia; that she received said instrument during the month of March or April, 1954; and that it was given to her for an adequate consideration.
The defendants called upon plaintiff to elect whether she was suing on an acknowledgment of debt or a negotiable instrument and to disclose what was the consideration for the document. This exception was overruled below; defendants then answered and denied that the instrument constituted an acknowledgment of debt and/or negotiable instrument, and they denied also that plaintiff was a holder thereof in due course and for value. Defendants specifically denied that there was any consideration for the document.
After a trial on the merits in the court below, plaintiff recovered judgment for $1,000 against defendants jointly, individually, and in solido, together with legal interest from date of judicial demand until paid and for all costs. The defendants have prosecuted this appeal.
The evidence adduced on the trial of the case developed that Mrs. Loretta O’Rourke, the plaintiff, had been in Frank J. Saltalamachia’s employ selling jewelry for his account for a period of about twenty-two years, and that he would come to her home in the evening to receive remittance from Mrs. O’Rourke for the jewelry she had sold and to place other jewelry with her.
In March or April, 1954, at plaintiff’s home, Saltalamachia, in the presence of the plaintiff, her husband, and her daughter, took from out his pocket a slip of paper upon which he wrote the words above-quoted and handed the same to Mrs. O’Rourke stating:
“I am giving her a thousand dollars, which I think she deserves, because she *905 has been a very good, faithful saleslady.”
The document before us cannot be classified as a negotiable instrument as it does not possess the essentials thereof. It is not a bill of exchange, which is defined as an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer. LSA-R.S. 7:126. Nor is it a negotiable promissory note, which under the Negotiable Instruments Law is defined to be an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay. on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. LSA-R.S. 7:184. The document is not a check because it is not drawn Ion a bank payable on demand. LSA-R.S. 7:185.
The trial judge with brief reasons rendered judgment in plaintiff’s favor on the premise that he felt bound by the case of Barthe v. Succession of Lacroix, 29 La.Ann. 326, and the other authorities cited in plaintiff’s behalf.
Counsel for the plaintiff before us took the position that the document constitutes an acknowledgment by Saltalamachia of a debt due Mrs. O’Rourke and that Saltala-machia’s heirs, who unconditionally accepted his succession, are liable to Mrs. O’Rourke for the amount stated in the instrument.
For the reasons aforesaid, the document is certainly not a negotiable instrument; nor can it be construed as an acknowledgment of indebtedness. The record does not show that Saltalamachia was legally indebted to Mrs. O’Rourke to any extent, and all that Saltalamachia appears to have done was to execute the document and deliver it to Mrs. O’Rourke “because she has been a very good, faithful sales-lady.” We do not know on what theory the contention may validly be made that because Mrs. O’Rourke had been a trusted and faithful employee Saltalamachia was under a legal or moral obligation to remunerate her for that reason. The facts regarding the question of whether an indebtedness existed as found in the instant case are vastly dissimilar to the evidence bearing on that point in the case of Barthe v. Succession of Lacroix, supra, which made impression ■ on the trial judge. In' the cited case the decedent had executed' a promissory note for $500 in favor of his employee payable at the maker’s death. The defense was that there was a lack of consideration, but the Supreme Court concluded from the testimony in the case that the deceased, Lacroix, who was without family, believed that his employee had served him long and faithfully at very small wages and felt that he was under a moral obligation to remunerate him beyond his wages. It was held that this constituted a good and valid consideration. There is no showing before us that Mrs. O’Rourke had been an underpaid employee or had been imposed upon by Saltalamachia. We mention, for what it may be worth, that the record indicates that Saltalamachia might not have been in a serious frame of mind when making or giving the slip of paper to the plaintiff. For instance, Mrs. O’Rourke’s daughter testified she took Saltalamachia’s statement lightly and thdt she, her mother and her father all laughed at the time the instrument was executed because of her father’s jesting remark to Saltalamachia: “Give her two or three thousand. While your’re at it, give me a thousand, too.” Plaintiff’s husband claims he considered the matter in a more serious vein, but he admits saying to Saltalamachia: “Give her one, two, or three thousand dollars.”
The instrument sued upon does not in any wise import an acknowledgment of 'any legal or moral liability. It is written in pencil on a very small slip of paper, is undated, and is directed to no specific payee, *906 does not state that Saltalamachia owed Mrs. O’Rourke any money, nor does it contain any sort of recital that it was intended to be an acknowledgment of any monetary obligation under which Saltalamachia labored. Counsel for plaintiff cites many cases from this jurisdiction as well as others to the effect that the courts have held that instruments containing such words as “pay to,” “due,” “due to,” “I.O.U.,” “I owe,” “due on account,” “due on demand,” etc., constitute acknowledgments of indebtedness. But these differ from the instant case in that the instrument under examination was addressed to no one and contains the words “pay to” which surely cannot be construed in the light of an acknowledgment that Saltalamachia was indeed indebted unto Mrs. O’Rourke.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of defendants dismissing plaintiff’s suit at her cost.
Reversed.