117 So.2d 826

**Mrs. Loretta O'ROURKE**

**v.**

**Mrs. Rose MOORE and Mrs. Katie Lulich.**

**No. 43934.**

Feb. 15, 1960.

Alwyn J. Justrabo, New Orleans, for applicant.

W. Blair Lancaster, Jr., Thomas Barr, III, New Orleans, for defendants-appellees-respondents.

VIOSCA, Justice.

Frank J. Saltalmachia died on July 17, 1955 leaving an olographic will dated June 8, 1953 in which he named his two sisters Mrs. Rose Saltalamachia, wife of John Moore and Mrs. Katie Saltalamachia, wife of John Lulich, who are defendants in this case, as his universal legatees. He left an estate valued at $29,185.44 and according to the record in the Succession proceedings, his liabilities totaled $2,232.54. His sisters, the defendants herein, accepted his succession purely, simply and unconditionally and by judgment dated September 13, 1955 were placed in possession of his estate as universal legatees.

Thereafter, on January 11, 1956, plaintiff, Mrs. Loretta O'Rourke brought this suit against defendants claiming that the deceased was indebted to her in the sum of $1,000 and that the defendants having accepted the succession of their brother purely, simply and unconditionally are liable for the payment of this amount.

In her petition plaintiff alleges that she "is the holder in due course and for value of an acknowledgment of debt and/or negotiable instrument signed by Frank J. Saltalamachia in the sum of $1000.00 which reads to-wit:

" 'Pay to L. O'Rourke—$1000.00
(sgd) F. J. Saltalamachia' "

She further alleges "That she received said acknowledgment and/or negotiable instrument from the said Frank J. Saltalamachia during the month of March or April, 1954" and "That said acknowledgment and/or negotiable instrument was given to your petitioner for an adequate consideration."

Defendants filed an exception of vagueness contending (a) that plaintiff does not allege whether she is suing on an acknowledgment of debt or a negotiable instrument and (b) that plaintiff does not allege what the adequate consideration was for which the document was given. The exception was overruled. In answering defendants denied that the instrument constituted an acknowledgment of debt and/or negotiable instrument and that plaintiff is the holder in due course and for value of the instrument and specifically denied that there was any consideration. The district judge, after hearing evidence on the merits rendered judgment in favor of plaintiff, giving as his reasons "The Court feels that it is bound by the case of Barthe v. Succession of Lacroix, 29 La.Ann. 326 (1877), and the other authorities cited by counsel for plaintiff." Defendants appealed to the Court of Appeal and that court reversed the judgment and rendered judgment in favor of defendants dismissing plaintiff's suit at her costs.

In its opinion the Court of Appeal held that the Barthe case, supra, was not applicable as the document sued upon in this case was not a negotiable instrument. In its opinion the Court of Appeal further said "There is no showing before us that Mrs. O'Rourke had been an underpaid employee or had been imposed upon by Saltalamachia". In an application to this Court for a writ of certiorari plaintiff assigned two errors: (1) that the Court of Appeal in its opinion (98 So.2d 903, 905) overruled the decision of this Court in the Barthe case, supra, and (2) that the Court of Appeal was in error in holding that there was no evidence showing that Mrs. O'Rourke has been an underpaid employee in view of the fact that the transcript shows that when plaintiff attempted to offer evidence to establish this fact the district judge sustained an objection to its admissibility.

The signature to the document on which this suit is founded does not bear the slightest resemblance to the signature of the decedent, Frank J. Saltalamachia, as it appears upon his olographic will made a few months before the document sued upon was executed and his signature on his checks signed approximately a year after the execution of this document. However, there is no specific denial of signature in the answer,[1] nor is there any plea of forgery.[2]

---

1. In answering Paragraph 2 of plaintiff's petition hereinabove quoted, defendant merely says: "Answering paragraph 2 of plaintiff's petition, defendant(s) show the Court that the instrument alleged on speaks for itself and requires no answer by defendants; however, defendants do deny that the said instrument is an ac- knowledgment of debt and/or negotiable instrument, and that plaintiff is a holder in due course and for value of the said instrument."

2. When defendants' counsel sought to interrogate plaintiff with respect to the dissimilarity of the signatures on the document and on the will, plaintiff's coun-

That question therefore is not before us.

In considering the nature of the document sued upon the Court of Appeal in its opinion said:

"The document before us cannot be classified as a negotiable instrument as it does not possess the essentials thereof. It is not a bill of exchange, which is defined as an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer. LSA–R.S. 7:126. Nor is it a negotiable promissory note, which under the Negotiable Instruments Law is defined to be an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. LSA–R.S. 7:184. The document is not a check because it is not drawn on a bank payable on demand. LSA–R.S. 7:185."

We agree with the opinion of the Court of Appeal. The document at best is in the form of a bill of exchange without a named drawee. It is an order by the maker on an unnamed person to pay to the plaintiff the sum of $1,000.

The Court of Appeal therefore concluded and we believe correctly, that the Barthe case, supra, was not applicable, for in that case there was a negotiable promissory note and the court found that there was consideration growing out of a natural obligation. The Court of Appeal did not overrule the Barthe case, supra.

Nor is this document in the form of an acknowledgment of debt. It does not contain such words as "due", "due to", "I.O.U.", "I owe", "due on account" or "due on demand" which would constitute acknowledgments of indebtedness.

Plaintiff is in the unfortunate position that she cannot recover in these proceedings if the document is held to be an acknowledgment of debt because as pointed out in defendants' brief, it would constitute a debt due to the community existing between herself and her husband. The husband as head and master of the community alone can institute suit for the community.

sel objected. Whereupon the court asked defendants' counsel "have you alleged that the document is a forgery?" Defendants' counsel replied "no, sir, but he has made the succession a part of these proceedings." Counsel further stated "We are not claiming, sir, that this document sued on is a forgery". Thereupon defendants' counsel was permitted to interrogate plaintiff on this subject solely for the purpose of testing her credibility since she had testified that the signature on the document sued upon was the regular signature of the deceased and that she had seen other documents bearing a similar signature.

Succession of Howell, 177 La. 276, 148 So. 48; McDaniels v. Doll, La.App., 40 So.2d 530.

The facts of the case are correctly stated by the Court of Appeal as follows:

"The evidence adduced on the trial of the case developed that Mrs. Loretta O'Rourke, the plaintiff, had been in Frank J. Saltalamachia's employ selling jewelry for his account for a period of about twenty-two years, and that he would come to her home in the evening to receive remittance from Mrs. O'-Rourke for the jewelry she had sold and to place other jewelry with her.

"In March or April, 1954, at plaintiff's home, Saltalamachia, in the presence of the plaintiff, her husband, and her daughter, took from out his pocket a slip of paper upon which he wrote the words above-quoted and handed the same to Mrs. O'Rourke stating:

" 'I am giving her a thousand dollars, which I think she deserves, because she has been a very good, faithful saleslady.' "

■ The document was written on a small slip of paper obviously cut from a larger piece. Quoting further from the Court of Appeal: "It is written in pencil on a very small slip of paper, is undated, and is directed to no specific payee, does

not state that Saltalamachia owed Mrs. O'Rourke any money, nor does it contain any sort of recital that it was intended to be an acknowledgment of any monetary obligation under which Saltalamachia labored." Plaintiff in her testimony conceded that there was nothing due her and that she had been paid in full all of the commissions which the deceased had agreed to pay her. The instrument cannot be enforced as a gift as it does not meet the requirements as to form of a valid donation inter vivos or mortis causa. Succession of Rabasse, 49 La.Ann. 1405, 22 So. 767.

■ While plaintiff complains of the statement by the Court of Appeal that there is no showing that Mrs. O'Rourke had been an underpaid employee, we find no basis for this complaint because we believe the district judge was correct in excluding evidence on this subject. Plaintiff in her pleadings and in her testimony made no reference to any underpayment of commissions but as the learned district judge correctly pointed out: "Boiling her testimony down she said Mr. Saltalamachia told her 'I am giving you one thousand dollars, because you have been a very good, faithful saleslady' now, that is the consideration for this document, out of her own lips, and he also said that to her husband." There is no pretense that the consideration was the payment of additional salary or bonus to an underpaid employee.

We believe that the conclusion of the Court of Appeal was correct and that plaintiff is not entitled to recover.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

SIMON, J., did not participate.

HAMLIN, J., recused.