209 So.2d 352 (1968)
David Bernard DeROUIN
v.
William G. HINPHY and Gladys A. Hinphy.
No. 2912.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1968.
Rehearing Denied May 6, 1968.
Writ Refused June 21, 1968.
*353 H. Alva Brumfield, Evangeline M. Vavrick, New Orleans, for plaintiff-appellant.
F. Irvin Dymond and George M. Leppert, New Orleans, for defendants-appellees.
Before HALL, JOHNSON and TUCKER, JJ.
HALL, Judge.
Plaintiff filed suit on a written document which he termed a "promissory note" seeking judgment against defendants for $12,100.00 plus interest and costs. On the date set for trial defendants filed a plea of prescription of three years pursuant to LSA-C.C. Art. 3538 based on the ground that the document sued upon was not a promissory note but merely an acknowledgment of indebtedness for money loaned and since the document was dated November 3, 1960 and suit was not filed until February 24, 1964, more than three years later plaintiff's action was prescribed.
The Trial Judge maintained the plea of prescription and dismissed plaintiff's suit. Plaintiff appealed.
The document sued upon which plaintiff alleges was signed by defendant, William G. Hinphy, on his own behalf and as "acting agent" of Gladys A. Hinphy reads as follows:
 "Nov. 3rd 1960
"To Whom it may concern
I have this day borrowed Twelve Thousand One Hundred dollars from: David DeRouin $12,100 to be paid on demand
 Mrs. W. Hinphy.
 W. Hinphy. A.A."
The sole question presented for our determination is whether the document sued upon is a mere acknowledgment of indebtedness for money loaned and therefore *354 subject to the prescription of three years under LSA-C.C. Art. 3538, as defendants contend; or whether, as contended by plaintiff, the document is a promissory note subject only to the prescription of five years under LSA-C.C. Art. 3540.
We have no difficulty in arriving at the conclusion that the document sued upon contains all of the elements of a non-negotiable promissory note.
Negotiable promissory notes are defined in LSA-R.S. 7:184. We have no statutory definition of a non-negotiable promissory note. However the only distinguishing feature between a negotiable note and a non-negotiable note is that in order to be negotiable the note must be made payable "to order or to bearer" (or to maker and by him endorsed which is the equivalent of being made payable to "bearer"). Therefore if we strike from the definition of a negotiable promissory note as given in LSA-R.S. 7:184 all of the elements indicating negotiability we may define a non-negotiable promissory note as being:
"* * * an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed determinable future time, a sum certain in money * *"
The words "to be paid on demand" contained in the document sued upon constitute in our opinion a promise to pay. The promise is unconditional and the time of payment is fixed.
"The word `promise' is not sacramental in a promissory note. No particular form is required by law * * *". Meyer v. Weil, 37 La.Ann. 160. See also Spearing & Co. v. Succession of Zacharie, 26 La.Ann. 496.
"No particular words of promise are required in a note, but any form of expression is sufficient from which can be deduced a direct undertaking to pay the sum specified * * *." 10 C.J.S. Bills and Notes § 84, p. 521.
"The written promise to pay, necessary to constitute a promissory note need not be expressed in any particular form of words. It is enough if, from the language used on the face of the instrument, a written undertaking to pay may be fairly inferred. Any form of expression, though not in direct terms, is sufficient if from it there can be deduced an undertaking to pay the sum specified * * *." 11 Am.Jur.2d § 139, p. 178.
While there is no formally named payee in the document sued upon there can be no doubt that David DeRouin, the plaintiff herein, from whom the money was borrowed, is the payee.
"The paper may be so drawn as to designate a payee by implication; thus the designation is sufficient, although the name of the payee does not formally appear as such, where his beneficial relation as promisee appears on the instrument, as where the promise to pay follows a receipt naming the person from whom the consideration proceeds; and an instrument which recites `received of' a named person certain goods `for which we agree to pay', etc., sufficiently designates the payee." 10 C.J.S. Bills and Notes § 121, p. 572.
The document sued on in our opinion embodies all of the elements of a non-negotiable promissory note in that it is an unconditional promise to pay on demand a sum certain in money to a sufficiently designated payee.
Defendants make much of the fact that the document commences with the words: "To whom it may concern" which they consider as most unusual language for a promissory note. We hold these words to be mere surplusage.
Defendants cite O'Rourke v. Moore, 239 La. 5, 117 So.2d 826, as authority for the proposition that the document in question here lacks the essential elements of a promissory note. In that case the Court *355 held that an instrument reading "Pay to L. O'Rourke$1000.00 (sgd) F. J. Saltalamachia" was not a negotiable promissory note as it did not possess the essentials thereof, citing LSA-R.S. 7:184, and that at best it was an incomplete bill of exchange being an order by the maker on an unnamed person to pay the plaintiff the sum of $1000.00, citing LSA-R.S. 7:126.
The O'Rourke case is inapposite because the document sued upon in that case is entirely dissimilar to the document in question here.
Defendants confidently rely on the decision of this Court in Marcello v. LaRocca, 152 So.2d 878, but we find that decision inapposite also. In the Marcello case the instrument sued upon contained all of the elements of a promissory note except that it was made payable to "myself" but was not endorsed by the maker. The Court held that the absence of an endorsement by the maker not only prevented the instrument from being a negotiable promissory note under a specific provision of LSA-R.S. 7:184, it also prevented it from being a non-negotiable promissory note since it is the endorsement by the maker which converts the instrument to "a promise to pay to another" which is an indispensable element of a promissory note. We fail to see wherein the Marcello case has any applicability whatever to the instant case since the document in question here is definitely payable to another although the "other" is not formally named.
Since we find that the instrument herein sued upon is a promissory note and since actions on promissory notes "whether negotiable or otherwise" do not prescribe until the lapse of five years "reckoning from the day when the engagements were payable," (LSA-C.C. Art. 3540) we are of the opinion that defendants' plea of prescription should be overruled.
For the foregoing reasons the judgment appealed from is reversed, defendants' plea of prescription is overruled and the cause is remanded to the Trial Court for further proceedings according to law consistent with the views herein expressed; costs of this appeal to be borne by defendants-appellees, all other costs to await final determination of the cause.
Reversed and remanded.