320 So.2d 608 (1975)
Bonnie M. CLEMENTS
v.
Joseph D. LINDSAY.
No. 6975.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Rehearing Denied November 11, 1975.
Writ Refused January 7, 1976.
*609 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John W. Haygood, New Orleans, for plaintiff-appellee.
Lee C. Grevemberg, New Orleans, for defendant-appellant.
Before LEMMON, STOULIG and SCHOTT, JJ.
LEMMON, Judge.
In this suit on a promissory note the trial court granted plaintiff's motion for judgment on the pleadings, and defendant appealed.
The note, dated March 16, 1966, read in pertinent part as follows:
"On or about FIVE YEARS from date,
I promise to pay Bonnie M. Clements TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS, without interest."

I
It is conceded that the note, payable to a named payee rather than to order or to bearer, is non-negotiable. Defendant, however, argues that the phrase "on or about" does not constitute a fixed or determinable future time and that the instrument therefore either (1) is invalid, (2) is simply an acknowledgment of a debt and prescribed by passage of three years, or (3) is a promissory note payable on demand and prescribed by passage of five years.
An instrument may be a valid promissory note, although non-negotiable because it does not meet all the requirements of negotiability. The instrument in O'Rourke v. Moore, 239 La. 5, 117 So.2d 826 (1960), which is cited by defendant, stated "Pay to L. O'Rourke$1,000.00". The court held the instrument was not a promissory note because it did not contain language evidencing a promise to pay. The instrument in the present case does contain an unconditional promise to pay, and we conclude that the instrument is a valid, non-negotiable promissory note.
A non-negotiable note should be construed so as to give effect to the intent of the parties. DeRouin v. Hinphy, 209 So.2d 352 (La.App. 4th Cir. 1968). The phrase "on or about" fairly evidenced the parties' intention (although inartfully expressed) that the note would have a maturity date, and the reasonable conclusion is that the maturity date was to be five years after the date of execution. Furthermore, prescription does not begin to run until a cause of action accrues, and plaintiff's right to demand payment on the note did not accrue until March 16, 1971. We accordingly hold that plaintiff's claim in her suit filed in September, 1974 was not prescribed by the five-year period applicable to promissory notes.

II
In his answer defendant admitted signing the note, but denied Mrs. Clements was the proper party plaintiff and also pleaded lack of consideration. Defendant alleged that 25,000 shares of stock in South Lake Investment Corporation were issued to him, "funded by ($)25,000 paid into the Corporation for that purpose by plaintiff", and that the loan thus was made to the corporation and not to him.
Although plaintiff paid the corporation directly for stock issued to and accepted by defendant, that payment constituted consideration for defendant's written promise to pay. We conclude that plaintiff's motion *610 for judgment on the pleadings was properly granted.
Defendant also pleaded set-off, based on allegations that the corporation (with plaintiff being the "controlling stockholder") owed him salary, management fees and commissions, and further filed a reconventional demand on the same basis. Nevertheless, even if the corporation owed the alleged debt, that fact cannot serve to defeat plaintiff's motion for judgment on the pleadings.[1]

III
The trial court also awarded interest at the rate of 7% per annum, from March 16, 1971 (the date the note became due), pursuant to C.C. art. 1938, and 10% of $25,000.00 as attorney's fees in accordance with the following provision of the note:
"In the event it becomes necessary to place this note, or any renewal thereof, in the hands of an attorney for collection or suit, I agree to pay ten (10%) per cent on the amount of this note as attorney's fees, which fees are agreed to be part of the principal obligation of this note."
By answer to the appeal plaintiff seeks interest on $27,500.00, arguing that the stipulated attorney's fees were agreed to be part of the principal on which interest should be calculated. We disagree.
The debt ($25,000.00) bore interest from the date it became due. C.C. art. 1938. The attorney's fee, payable on the condition that the note was placed for collection, was not part of the debt which became due, and there was no statutory or specific contractual basis for interest to be awarded thereon.
The judgment is affirmed.
Affirmed.
NOTES
[1] The two separate judgments maintaining exceptions of no cause of action to the reconventional demand and to a third party demand against the corporation (on the basis that the incidental demand did not arise out of and was not connected with the principal demand) were not questioned by the defendant in this court.