EDWARDS, Judge.
The plaintiff, Dixie Web Graphic Corporation (Dixie Web), appeals the granting of a peremptory exception raising the objection of no cause of action in favor of defendant, Mike Sharp d/b/a Heart of Baton Rouge (Mike Sharp).
Background Facts
The plaintiff’s petition, styled “Suit on Promissory Note,” alleges that the defendant is indebted to it for the sum of $13,-958.48 which indebtedness is based on an alleged promissory note executed by the defendant in favor of the plaintiff for the sum of $14,328.48, representing past due invoices for services rendered to the defendant by plaintiff. The petition further alleges that only one payment of $500.00 had been received by plaintiff. The alleged *1175 promissory note, which was attached to the petition, is typed on Dixie Web Graphic Corporation letterhead, and reads as follows:
February 1, 1989
The Heart of Baton Rouge Demand Note Receivable
This letter will represent a note receivable covering the balance of $14,328.48 (Fourteen Thousand Three Hundred Twenty Eight Dollars & 48/100) owed from past due invoices. Payments representing $500.00 will be made monthly until the amount is fully paid. At any time that the payment of $500.00 is not made by the last day of the month due the full amount of the loan balance remaining will become due along with any outstanding accounts receivable balance. Interest % — None
Following this language, the document is signed by Mike Sharp — Heart of Baton Rouge, dated 2/1/89 and then signed by Ralph B. Hay — Dixie Web Graphic.
Action of the Trial Court
The trial court held that the document was not a note, and dismissed plaintiffs action, stating:
I don’t even think it is a note. Nobody promises to pay anything to anybody. There is no word indicating who the pay- or or payee of this thing is.... [TJhere is nothing in this note that says who is paying to whom.... Vague, ambiguous and without legal effect....
Plaintiff asserts that the document, though non-negotiable, is nevertheless an enforceable note, which had been acknowledged by a payment by the maker. Plaintiff argues that the trial court erred in not giving effect to the intent of the parties.
Discussion
A document evidencing a debt to be paid may be a negotiable promissory note, a non-negotiable promissory note, or not a note at all. In order for a document to be a negotiable promissory note, it must meet the requirements of LSA-R.S. 10:3-104. These are: (1) be signed by the maker or drawer; (2) contain an unconditional promise or order to pay a sum certain in money; (3) be payable on demand or at a definite time; and (4) be payable to order of bearer. If the document +is not payable to order of bearer, yet meets the other requirements of 10:3-104, it is a non-negotiable note. LSA-R.S. 10:3-805; see also DeRouin v. Hinphy, 209 So.2d 352 (La.App. 4th Cir.), cert. denied, 211 So.2d 330 (1968). Finally, if the document does not contain language evidencing a promise to pay, on demand or at a fixed determinable future time a sum certain in money, or is not signed by the maker, it is neither a negotiable nor non-negotiable instrument, and is invalid and unenforceable. See De-Rouin, supra, 209 So.2d 352; Cadle Company v. Richardson, 597 So.2d 1052 (La. App. 2nd Cir.1992). The character of a document is determined by examining the entire writing to see if the requirements of enforceability of a note have been met. Cadle Company, supra, 597 So.2d at 1055; Fejta v. Werner Enterprises, Inc., 412 So.2d 155, 157 (La.App. 4th Cir.), cert, denied, 415 So.2d 953 (1982).
It is undisputed in this matter that the document at issue is not negotiable; it is not payable to order or bearer. The trial court determined that the document is not a non-negotiable note because, although it is signed by both parties, it does not state who is paying whom. Appellant concedes that the document does not specify which party is the maker, but argues that such can be inferred from the fact that the document is typed on Dixie Web Graphic Corporation stationery. Appellant further ar.gues that identification of the maker of the document can be inferred from the fact that a $500 payment was made by the defendant to Dixie Web, which plaintiff alleges constituted an acknowledgement of the debt. We have reviewed the entire writing and find no manifest error in the trial court’s finding.
First, while the $500 payment may have been an acknowledgment of the debt, we need not address that issue. The fact of the $500 payment is not contained in the writing itself, and is therefore irrelevant to the determination of enforceability of the *1176 alleged note. Furthermore, we find no merit to the assertion that the status of maker is inferable from the document itself. The trial court’s observations of the document are factually supported: there is no language indicating who is promising to pay whom, nor who is the payor or the payee. The lone fact that the document is written on Dixie Web Corporation stationery is insufficient to establish that Dixie Web is the purported payee of such document. Both parties signed the document, yet neither signature is designated as maker. For this reason, the document fails to satisfy the requirements for an enforceable non-negotiable note, and the trial court was correct in so holding.
Suit on Open Account
Plaintiff filed an amended petition in this matter in which it alleged a separate claim on open account for unpaid invoice (number 32858) in the sum of $3,487.33. Plaintiff assigns error to the dismissal of this portion of its suit. Since the matter of unpaid invoice #32858 was not before the trial court at the hearing of the exceptions, this assignment of error has merit. The unliti-gated claim on open account is therefore remanded to the trial court for further proceedings.
For the foregoing reasons, the portion of the judgment maintaining defendant’s peremptory exception raising the objection of no cause of action on the alleged note is affirmed; the portion of the judgment dismissing plaintiff’s claim for unpaid invoice #32858 on open account is reversed, and that claim is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed equally against Dixie Web and Mike Sharp.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.