NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-200

ESTATE OF SEDONIA WILLIAM

VERSUS

DELORES BENOIT

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 114954
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

Owen J. Trahant, Jr.
P. O. Box 11804
New Iberia, LA 70560
(337) 367-7727
Counsel for Defendant/Appellee:
Delores Benoit

**Steven J. Diebold**
**Champagne & Brumbaugh**
**P. O. Box 3764**
**Lafayette, LA 70502-3764**
**(337) 233-4414**
**Counsel for Plaintiff/Appellant:**
**Estate of Sedonia William**

**EZELL, JUDGE.**

In this matter, the estate of Sedonia William appeals the decision of the trial court dismissing its suit for dissolution of a sale. For the following reasons, we hereby affirm the decision of the trial court.

On January 12, 2001, Mrs. William sold immovable property to Delores Benoit. The property was sold for a total price of $8,500; $1,500 of which was due immediately as a down-payment. The remaining price was to be paid in twenty-two monthly payments of $300, with a final, twenty-third payment of $400. Late fees and attorney fees were also established for delinquent payments. The estate of Mrs. William filed the present suit to dissolve the sale, alleging that no payments were made after May 2002. Ms. Benoit filed an exception of prescription, which the trial court granted, dismissing the estate's suit.

From that decision, the estate of Mrs. William appeals, asserting two assignments of error. The estate claims in ruling that a promissory note was contained within the sales agreement and that the trial court erred in applying the five-year prescription period for suits on promissory notes, rather than a ten-year prescriptive period.

There is no assertion in this matter that the sales agreement in question is not a negotiable instrument. A non-negotiable promissory note is defined as being "an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed determinable future time, a sum certain in money." *DeRouin v. Hinphy*, 209 So.2d 352, 354 (La.App. 4 Cir.), *writ refused*, 252 La. 465, 211 So.2d 330 (1968).

> "The word 'promise' is not sacramental in a promissory note. No particular form is required by law * * *". Meyer v. Weil, 37 La.Ann. 160. See also Spearing & Co. v. Succession of Zacharie, 26 La.Ann. 496.

1

"No particular words of promise are required in a note, but any form of expression is sufficient from which can be deduced a direct undertaking to pay the sum specified * * *." 10 C.J.S. Bills and Notes § 84, p. 521.

"The written promise to pay, necessary to constitute a promissory note need not be expressed in any particular form of words. It is enough if, from the language used on the face of the instrument, a written undertaking to pay may be fairly inferred. Any form of expression, though not in direct terms, is sufficient if from it there can be deduced an undertaking to pay the sum specified * * *." 11 Am.Jur.2d § 139, p. 178.

*Id*.

The contract in dispute clearly indicates that Mrs. William was entitled to payment for the property from Ms. Benoit, and that Ms. Benoit directly undertook to pay the sum specified in the contract. That the amount was due in twenty-three monthly installments fairly evidences the parties' intention that the note would have a maturity date, and the reasonable conclusion is that the maturity date was to be twenty-three months after the date of execution. There were no conditions set as to payment being rendered, and the amount was clearly and definitively set forth in the sales agreement as $7,000, after the $1,500 deposit was deducted for the required down-payment. Thus, while the sales agreement herein does not stand as a classic example of a promissory note, the language of the contract makes it one. The trial court committed no error in so finding.

Having determined that the sales agreement contained a promissory note, prescription in this case is governed by La.Civ.Code art. 3498, which states: "Actions on instruments, whether negotiable or not; and on promissory notes whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible." As no payments were made after May 2002, and suit was filed in August of 2009, it is clear that Mrs.

William's suit has prescribed. Again, the trial court committed no error in dismissing her estate's suit on those grounds.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against the estate of Mrs. William.

**AFFIRMED.**