CHASEZ, Judge.
Plaintiff, Dorman Strahan, doing business as Strahan Painting Company, filed suit to recover $1492.20 for labor and materials furnished by plaintiff as a subcontractor in construction of a public work, the building of the Housing Authority of New Orleans. Plaintiff further prayed for 10% attorney’s fees authorized by LSA-R.S. 38 :- 2246.
Defendants are the general contractor, Delta General Construction Corp., and its surety Gulf Insurance Company, who did not dispute the indebtedness, but urged the amount should be offset because plaintiff’s dilatory performance and poor workmanship caused defendant to suffer damages and loss. (The damages and loss were not itemized or explained in the answer.)
In addition, defendant contractor filed a reconventional demand for $5,000 damages from plaintiff asserting he had improperly filed a lien against defendant contractor that affected defendant’s bonding capacity and good name in the contracting field.
Plaintiff then moved for a summary judgment, and the trial court, upon submission of plaintiff’s affidavit and the deposition of defendant contractor’s president, rendered judgment against the contractor and his surety for $1492.20, representing the indebtedness of $1489.60 plus the lien filing cost of $2.60, and legal interest from judicial demand.
Only the defendant contractor appealed devolutively, the defendant surety satisfied the judgment against it.
Appellant contends the trial court improvidently granted a summary judgment because material facts concerning the defense of setoff are in dispute and the re-conventional demand for improper filing of a lien is at issue.
*865 The issue before us, therefore, is whether the plaintiff was entitled to a summary judgment.
First we reiterate that the amount claimed by plaintiff is not disputed.
Next defendant urges that its defense of setoff involves issues of material fact which must be determined before this matter can be adjudicated.
We are of the opinion that defendant has attempted to plead an affirmative defense and has failed to do so with the particularity required by our procedural law. LSA-C.C.P. Article 1005 provides that affirmative defenses must be specially pleaded. Defendant made vague allegations of delay by plaintiffs and even more vague allegations concerning damages resulting therefrom.
A special defense was defined in Barbari v. Firemen’s Insurance Company, La.App., 107 So.2d 480, at p. 482 as follows:
“There is no question that an effort in avoidance or extinguishment of an obligation is a special defense and must be specially pleaded with sufficient facts alleged upon which to introduce proof of the extinguishment or avoidance. * * * »
Finally appellant contends its re-conventional demand for damages for improper filing of the lien by plaintiff involves disputed facts which must be resolved
We disagree. The record reflects the Housing Authority of New Orleans filed a written acceptance of the buildings and improvements in the mortgage office on August 25, 1960. Plaintiff filed his sworn statement of indebtedness on September 20, 1966 thus creating the lien complained of by the defendant contractor.
LSA-R.S. 38:2241.1 provides that rec-ordation in the mortgage office of the parish where the work has been performed shall constitute an acceptance for all purposes under the Public Contracts statutes..
LSA-R.S. 38:2242 requires that the laborer or materialman file a sworn statement of indebtedness for labor and materials furnished on the job within 45 days, of the recordation of acceptance of the contract in order to create a lien against the property upon which the work was performed.
It is apparent from the record that plaintiff was entitled to use the security device furnished by the Public Works Act and that defendant simply withheld payment because plaintiff refused to waive his statutory right. In fact the president of the defendant corporation so stated in his deposition.
Plaintiff has not appealed from the judgment insofar as it did not grant statutory attorney’s fees permitted by LSA-R.S. 38:2246; therefore, the question of whether attorney’s fees should have been awarded is not before us.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.