BLANCHE, Judge.
This is a suit for workmen’s compensation brought by plaintiff, Bruce William Bidwell, against defendants, Binnings Construction Company, Inc., plaintiff’s former employer, and Insurance Company of North America, the workmen’s compensation insurer. The case was heard before the presiding judge on February 19, 1968, at which trial plaintiff’s former counsel introduced only the medical testimony of Dr. Daniel E. Schechter, an orthopedist, in the form of his deposition, together with plaintiff’s own testimony. Shortly after this hearing defendants filed peremptory exceptions urging lack of jurisdiction and prescription, which exceptions were overruled by the presiding judge. Inasmuch as defendants neither answered the appeal nor took an appeal on their own behalf, the validity of these exceptions is not an issue before this Court.
The lower court granted judgment in favor of plaintiff and against the defendants in the sum of $70.00, representing two weeks’ compensation, with legal interest thereon from due date together with all court costs. More than a month after the signing of this judgment and after the mailing to plaintiff of notice thereof, plaintiff filed in proper person a motion for new trial, alleging, inter alia, that his former counsel whom he had since discharged refused to subpoena physicians and chiropractors who had treated or seen plaintiff in addition to Dr. Schechter. This motion for new trial was denied, undoubtedly because it was not timely filed. Counsel for appellant argues that the motion for a new trial was in fact timely filed, but the record clearly indicates otherwise. Judgment was signed in open court on May 9, 1968, and notice of said judgment was mailed to plaintiff’s counsel on the same date. The motion for a new trial was filed June 13, 1968. Obviously, the motion was not filed within the three-day delay as provided for by Louisiana Code of Civil Procedure, Article 1974. The matter is now before this Court on a devolutive appeal perfected through plaintiff’s present counsel of record.
Counsel for plaintiff correctly concedes that the judgment rendered by the presiding judge was proper on the basis of the record before him. Appellant’s argument is that the trial court abused its discretion in failing to grant a new trial so as to permit plaintiff to offer additional medical and lay evidence, which counsel for appellant argues in brief would support an award of greater compensation to plaintiff. Counsel for appellant in essence argues that plaintiff’s case was poorly and improperly presented at the trial by plaintiff’s former attorney and that plaintiff has not had his “day in court.” In opposition to this appeal counsel for defendants argues that the issues raised in plaintiff’s motion for a new *242 trial are not properly before this Court inasmuch as plaintiff appealed only from the judgment rendered, read and signed on May 9, 1968, and did not appeal from the order denying the motion for new trial.
We are satisfied that counsel for defendants is in error and that the issue raised by plaintiff is properly before this Court. Louisiana Code of Civil Procedure, Article 2164, provides in part that the appellate court shall .render any judgment which is just, legal and proper upon the record on appeal. In effect, what appellant seeks is to have this case remanded to the trial court in order to afford plaintiff an opportunity to introduce additional evidence. Our courts have uniformly held that under the broad statutory grant of power contained in Article 2164 an appellate court is empowered to remand a case either for a new trial or for the introduction of additional evidence to prevent a miscarriage of justice, but such procedure should be sparingly exercised. McKinney v. Levy, 212 So.2d 279 (La.App. 3rd Cir. 1968); Poirier v. T. L. James & Co., 163 So.2d 171 (La.App. 4th Cir. 1964).
We are further satisfied, however, that appellant’s case does not justify our recourse to such an extraordinary procedure. Stated simply, there is nothing in the record to indicate that any miscarriage of justice will result from our refusing to grant plaintiff the relief sought. Counsel for appellant vigorously argues that plaintiff’s former counsel mishandled plaintiff’s case and refused to call various witnesses who would allegedly support plaintiff’s contentions of continued disability. To embrace such a position would require us to engage in obvious speculation which we are not permitted to do. Perry v. Reliance Insurance Co. of Philadelphia, 157 So.2d 903 (La.App. 1st Cir. 1963). Instead of agreeing with the contentions of counsel for appellant, we might just as easily speculate that plaintiff’s former counsel prudently decided not to call any of the other physicians or chiropractors who examined or treated plaintiff for the reason that their testimony would have been adverse to plaintiff’s position and might have negated plaintiff’s right to recover even the two weeks’ additional compensation that plaintiff was granted on the basis of Dr. Schechter’s testimony. The unexplained failure of plaintiff to call as witnesses such examining and treating physicians gives rise to a presumption that their testimony would have been unfavorable. Ardoin v. Boutte, 209 So.2d 754 (La.App. 3rd Cir. 1968). We have no reason necessarily to impute to plaintiff’s former attorney improper presentation of plaintiff’s case in the trial court, and, in any event, this is a matter which properly addresses itself to the attorney-client relationship and does not warrant our remanding the case, which would constitute an unwarranted burden upon the defendants.
The record before us, including the medical testimony of Dr. Daniel E. Schechter, amply supports the trial court’s judgment, and there existing no justifiable reason for our exercising our extraordinary power to remand, this judgment will be affirmed, all costs of this appeal to be paid by the plaintiff.
Affirmed.