352 So.2d 419 (1977)
Garland HOLBROOK, d/b/a Holbrook's Restaurant Equipment Sales, Plaintiff and Appellee,
v.
Joseph R. PALERMO et al., Defendants and Appellants.
No. 6182.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*420 Camp, Carmouche, Palmer, Carwile & Barsh, James E. Williams, Lake Charles, for defendants and appellants.
Michael R. Garber, Lake Charles, for plaintiff and appellee.
Before HOOD, CULPEPPER and FORET, JJ.
CULPEPPER, Judge.
This is a suit on an open account for goods and services sold to Uncle Pete's Ice Cream Parlour, Inc. Named as defendants were the above corporation, Joseph Palermo, Jr., Palermo's Construction Company and J. R. Palermo, Inc. Plaintiff obtained a default judgment against Uncle Pete's Ice Cream Parlour, Inc. and Joseph R. Palermo, Jr. Suit against the remaining defendants was dismissed. The two defendants cast appealed.
The substantial issues on appeal are: (1) Was there such impropriety with regard to the default judgment that a new trial on the merits should be granted? (2) Was there sufficient evidence to support the default judgment against Uncle Pete's Ice Cream Parlour, Inc. and Joseph Palermo, Jr.?
*421 After certain exceptions were withdrawn in the trial court on March 2, 1977, the defendants failed to file any further pleadings. A preliminary default was entered on March 25, 1977, and a judgment by default was obtained on March 30, 1977, in favor of the plaintiff against Uncle Pete's Ice Cream Parlour, Inc., Joseph Palermo, Jr., Palermo Construction Company, and J. R. Palermo jointly, severally and in solido in the sum of $5,590.13, together with interest and costs. Attorney's fees of $750 were assessed solely against Uncle Pete's Ice Cream Parlour, Inc., hereinafter referred to as "Uncle Pete's".
In proving his case, plaintiff relied on 21 invoices, a copy of the ledger covering the transactions with the defendants, and testimony of Mr. Holbrook. Some of the invoices noted that the goods were sold to "Uncle Pete's Ice Cream Parlour, Inc." Others had only "Uncle Pete's Ice Cream Parlour". Some had an additional notation "c/o Joe Palermo, Jr.". All indicated the same address, "1601 Ruth St., Sulphur, Louisiana."
The testimony of Mr. Holbrook on confirmation of default was that he had sold these goods and services between May and August of 1976 on open account to all of the named defendants. On August 18, 1976, he mailed letters to Uncle Pete's and to Mr. Finley Hillard, an accountant who had been involved in the operation of Uncle Pete's, requesting payment of the overdue account. He gave no explanation of how all the defendants could be liable to him for these debts.
A motion for new trial was filed by defendants, granted by the court, and held instanter to consider only the question of liability of defendants other than Joe Palermo, Jr. and Uncle Pete's.
After the rehearing, the trial court amended its original judgment to hold liable only Joseph Palermo, Jr. and Uncle Pete's Ice Cream Parlour, Inc. and not the other named defendants. The court also eliminated the award for attorney's fees.
Defendant argues the default judgment was improperly taken. He says defense counsel was led to believe in a conversation with plaintiff's counsel immediately after the exceptions were withdrawn, that defendants would be given additional time to plead. The case of Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir. 1975) is very similar to the case at bar. As in Sokol, the evidence is the present case shows that regardless of defense counsel's impression, plaintiff's attorney did not mislead nor attempt to mislead his opposing counsel into thinking defendants would be allowed additional time within which to file pleadings. The trial judge correctly stated the letter from plaintiff's counsel dated March 7, 1977, "clearly and unequivocally put an end to any agreement between counsel as to an extension of time in which to plead." There was no impropriety nor ill practice by plaintiff's counsel.
The second argument the defendant makes is that there was insufficient evidence to support the default judgment. The requirements for confirming a default judgment are set forth in LSA-C.C.P. Article 1702. We quote that article:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
"When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required. Amended by Acts 1968, No. 88 § 1."
In confirming a default, the plaintiff has the burden of proving the essential elements of his claim as fully as if each of the allegations had been specifically denied. McCarthy v. Plaisance, 286 So.2d 454 (La. App. 1st Cir. 1973), writ refused 289 So.2d 156 (La.).
To establish his prima facie case, the plaintiff must use only competent evidence. *422 Blackwell v. Daigle, 317 So.2d 18 (La.App. 3rd Cir. 1975); Verrette v. Saltzman & Gordon Welding Service, Inc., 248 So.2d 876 (La.App. 3rd Cir. 1971).
There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, et al., 262 La. 519, 263 So.2d 875 (1972); Baker Finance Company v. Hines, 255 La. 971, 233 So.2d 902 (1970).
In this case, the record shows the evidence was not sufficient to sustain a judgment against Joseph Palermo, Jr. individually. Plaintiff chose not to prove his case by producing an affidavit of the correctness of the account, as permitted by LSA-C.C.P. Article 1702. Instead, plaintiff took the stand and testified concerning the obligation allegedly owed him by all defendants. The only evidence presented to support the obligation was the ledger sheet, a number of invoices and the testimony of Mr. Holbrook.
The invoices and the account name Uncle Pete's Ice Cream Parlour as the purchaser. Some of the invoices and the ledger sheet also have the notation "c/o Joseph Palermo, Jr." No testimony was given by Mr. Holbrook as to why Mr. Palermo should be held personally liable for the balance due and owing. As we noted earlier, Mr. Palermo's name is not even on a number of the invoices. Counsel for plaintiff admitted that it was Uncle Pete's Ice Cream Parlour to whom the goods were sold. We quote from page 66 of the record:
"THE COURT: Who are you asking for judgment for attorney's fees against?
MR. GARBER: Specifically, Uncle Pete's Ice Cream Parlour, Inc.
THE COURT: Uncle Pete's Ice Cream Parlour, Inc., only, right?
MR. GARBER: Well, they are the actual defendant that the goods and were sent the notice through Finley Hillard."
There is no evidence in the record which supports the trial court's finding that Mr. Palermo should be personally liable for this debt along with Uncle Pete's Ice Cream Parlour, Inc. None of the invoices show sales made to Palermo individually. No testimony by Mr. Holbrook states he understood or intended the sales were to Palermo individually. On the contrary, Holbrook's testimony, quoted in part above, shows the goods were sold to Uncle Pete's. We therefore reverse the trial court's judgment with regard to Mr. Palermo individually.
The testimony of Mr. Holbrook, when considered with the documents submitted into evidence, does constitute a sufficient basis for sustaining the default judgment against Uncle Pete's. We find no merit to the argument that there was no evidence of delivery of the goods to Uncle Pete's. Mr. Holbrook testified the goods were sold and delivered to Uncle Pete's Ice Cream Parlour, Inc. Uncle Pete's Ice Cream Parlour was the named purchaser on each invoice. We find that the plaintiff's evidence was competent and sufficient to establish each essential element of his case against Uncle Pete's.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it casts the defendant, Joe Palermo, Jr., and judgment is hereby rendered rejecting plaintiff's demands against Joe Palermo, Jr. In all other respects, the judgment is affirmed. All costs of this appeal are assessed against Uncle Pete's Ice Cream Parlour, Inc.
REVERSED AND RENDERED IN PART, AFFIRMED IN PART.