377 So.2d 530 (1979)
Joel W. PACE, et ux., Plaintiffs-Appellants,
v.
REASING RIVERS CONSTRUCTION COMPANY, INC., Defendant-Appellee.
No. 7199.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Andrew S. Vallien, Natchitoches, for plaintiffs-appellants.
Davis & Simmons, Kenneth N. Simmons, Many, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
Reasing Rivers Construction Company, Inc. (Reasing Company) sued Joel W. Pace and his wife, Myrtle Mae Pace, (the Paces) for labor and materials furnished in the construction of a basement or storm cellar on the latters' premises and procured a default judgment for $2,726.95, with legal interest and 25% for attorney's fee and recognition of a lien and privilege on the property. A motion for a new trial was granted and the judgment was amended solely to eliminate the award for the attorney's fee.
*531 The Paces, plaintiffs-appellants herein, filed the instant suit against the Reasing Company, defendant-appellee, for damages resulting from the alleged defective or unworkmanlike performance of the building contract. Alternatively, the Paces prayed that the default judgment and lien be cancelled and erased from the mortgage records of Sabine Parish as being based on a contract that was "unenforceable" because of the defective workmanship.
The trial court rendered judgment adverse to the Paces and in favor of the Reasing Company. In a separate judgment of that same date the court denied the latter's plea of one year prescription which Reasing Company filed contending that the suit is actually a redhibitory action.
The Paces appealed from the judgment against them. Reasing Company answered this appeal asserting that the trial court erred in denying the exception of prescription and also claiming damages for a frivolous appeal.
Since no appeal was taken from the separate judgment overruling Reasing Company's exception of prescription, this issue does not appear to be before this court. However, it is unnecessary for us to decide such question in view of our conclusion that the demands asserted by the Paces in this suit must be rejected for other reasons.
In their main demand the Paces seek to recover damages which they allegedly sustained by reason of the Reasing Company's failure to properly perform the work involved in a construction contract between these parties, the price of which the Reasing Company was awarded by the default judgment in their prior suit. In our opinion such claim constitutes an affirmative defense that should have been pleaded by way of answer and tried in that suit.
Louisiana Code of Civil Procedure Articles 1003 and 1005 provide that the answer to a petition shall set forth all affirmative defenses, specifically mentioning among others failure of consideration. Such a defense is one that raises new matters which will have the effect of defeating a plaintiff's claim on its merits even if the allegations of the petition are true. Webster v. Rushing, 316 So.2d 111 (La.1975); Bohn Ford, Inc. v. Lanza, 347 So.2d 935 (La.App. 4 Cir. 1977).
Consequently, the Paces' failure to plead their affirmative defense of defective workmanship or failure of consideration prior to the default judgment being taken against them was an effective waiver of the defense which can neither be invoked to bar the enforcement of the prior judgment nor urged in this subsequent proceeding in which the same cause of action is involved. O'Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App. 4 Cir. 1970).
This also applies to appellants' alternative demand that the judgment should be cancelled because of defective performance of the contract by Reasing Company. Steele v. Ruiz, 202 So.2d 376 (La.App. 4 Cir. 1967).
The Paces further contend that the default judgment should be set aside because of an alleged "misunderstanding" between the attorneys. The petition does not contain any allegation of fraud or ill practices on the part of appellee's counsel and none were proved. The mere taking of a default judgment without informing opposing counsel of the intention of doing so does not of itself establish ill practices which would serve to nullify the judgment. Holbrook v. Palermo, 352 So.2d 419 (La. App. 3 Cir. 1977); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4 Cir. 1976); Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4 Cir. 1975). Actually, the only misunderstanding in the first case seems to have been on the part of appellant's attorney[1] as no impropriety is charged to counsel for the other side. An appellate court cannot speculate as to facts which are not properly a matter of record and thus are not susceptible of review. Bidwell v. Binnings Construction, 228 So.2d 240 (La.App. 1 Cir. 1969).
In the recent case of Moity v. Busch, 368 So.2d 1134 (La.App. 3 Cir. 1979), the principles governing an assessment of damages for frivolous appeal were reiterated: *532 "* * * Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973), Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), and Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976)."
We cannot say that appellant's counsel did not seriously believe in the position which he advocated, even though the appeal lacked merit.
In accordance with the foregoing, the judgment of the trial court which was appealed is affirmed and appellee's demand for an assessment of damages for frivolous appeal is denied.
All costs of this proceeding are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Not the same as their present counsel.