394 So.2d 761 (1981)
Mercedes ALBERT
v.
Edward J. LIRETTE.
No. 11602.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
*762 Levenson & Bonin, Leonard L. Levenson, New Orleans, for plaintiff-appellee.
John C. Derenbecker, Metairie, for defendant-appellant.
Before SAMUEL, GULOTTA and CHEHARDY, JJ.
SAMUEL, Judge.
Plaintiff filed this suit to nullify an $865 default judgment taken against her by defendant on August 15, 1979. Plaintiff's case is predicated on fraud and ill practice allegedly perpetrated by defendant.
Defendant answered and filed a reconventional demand for $2,400 for loss of business income, increased business expense and attorney's fees.
The trial judge denied plaintiff's request for a temporary restraining order, but after a hearing granted injunctive relief prohibiting defendant from executing on the judgment sought to be nullified. By stipulation of the parties made at the trial on the merits of the suit for nullity, the evidence taken at the injunction hearing was offered in lieu of additional evidence. The matter was taken under submission, and judgment was rendered in favor of the plaintiff nullifying the August 15, 1979 judgment. Defendant has appealed.
Plaintiff's action is based on several grounds. First, she claims defendant committed fraud and ill practice by not notifying her attorney of his intention to enter a preliminary default and confirm it, by not notifying her attorney that the judgment had been obtained, and by not attempting to contact her attorney to inform him of defendant's intended actions. By supplemental petitions, plaintiff further alleges fraud and ill practice in defendant's failure to mention or introduce into evidence a written contract between the parties,[1] and in failing to mention in his offer of the record on confirmation of the default a motion for extension of time filed by plaintiff's counsel by which the trial court granted defendant thirty days from May 15, 1979 to file pleadings. Plaintiff admits in her petition that the fifteen day extension of time expired on June 15, 1979, that a preliminary default was not entered until July 10, 1979, and that the default was not confirmed until August 15, 1979.
In his reasons for judgment, the trial judge concluded defendant was guilty of ill practice by not stating in his offer of the record during the confirmation proceeding that the record contained the expired motion for extension of time filed by plaintiff's attorney. Relying on the case of Alonso v. Bowers,[2] the trial judge stated that as a matter of equity and good conscience had he been made aware of the expired motion, he would have required defendant's attorney to certify that plaintiff's attorney was aware of his intention to proceed by default. The court further stated that because he heard the confirmation in summer *763 session, the inability of defendant's attorney to make such a certification would have caused him to refer the matter to the judge to whom the case originally had been allotted without granting plaintiff's confirmation.
Article 2004 of the Louisiana Code of Civil Procedure provides that final judgments obtained through fraud or ill practice shall be annulled. In the case of Alonso v. Bowers, relied on by the trial judge, the defendant filed an exception of vagueness. Prior to a hearing on the pending exception, plaintiff filed a supplemental petition and caused it to be served on the defendant, and not on defendant's attorney. The supplemental petition was served by domiciliary service only, and no notice of judgment was served on either defendant or defendant's attorney. Under these facts the Alonso court found that justice and fair play dictated annulment.
In the present case the basic complaint offered by plaintiff is lack of notice of defendant's intention to confirm the default judgment and defendant's failure to offer the expired motion for extension of time into evidence at the confirmation hearing.
Plaintiff's first contention lacks merit. Unless defense counsel is misled by plaintiff's attorney on the question of notice prior to obtaining a default judgment, lack of such notice does not constitute fraud or ill practice. In Pace v. Reasing Rivers Const. Co., Inc.[3] the court held the mere confirmation of a default judgment without informing opposing counsel of plaintiff's intention to do so is not of itself ill practice sufficient to nullify the default judgment.[4] In addition, in Adams v. Hagerty,[5] this court held the failure to grant a new trial on a default judgment confirmed after a 15 day extension of time had expired was not error when there was no agreement between the parties not to proceed and the defendant had no special defense to offer. Adams was decided on an appeal,[6] but its reasoning is nevertheless applicable in a nullity action under the same circumstances.[7]
We do, however, find that defendant's failure to offer the expired motion for extension of time into evidence at the confirmation of the default judgment is grounds for nullity. The record showed defendant's attorney offered into evidence "the entire record" which he stated to the court to consist of the suit, the sheriff's return, and the minute entry of default. He then requested judgment in accordance with the prayer of the petition without mentioning the expired motion for extension of time to plead.
The defendant's attorney specifically stated to the judge he offered the entire record, and then proceeded to omit from its offer in confirmation the expired motion for extension of time. We consider important the fact that the trial judge would not have confirmed the default without the assurance of defendant's attorney that plaintiff's attorney had knowledge of the confirmation. Under these circumstances plaintiff is entitled to a judgment of nullity.
By so concluding, we do not attempt to pass judgment on the actions of defendant's attorney. The record does not reflect, nor are we able to determine, whether he omitted mention of the expired motion intentionally or inadvertently. Further, it is not necessary for us to make such a determination. The Supreme Court stated in Succession of Gilmore[8] as follows:
"... The courts of this state will not hesitate to afford relief against judgments, *764 irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable."
In Alonso v. Bowers,[9] relied upon by the trial judge in this case, the court stated the proposition as follows:
"... Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article." (Emphasis ours).
The foregoing rule has been carried forward to actions for nullity under Article 2001 of the Code of Civil Procedure. In Tapp v. Guaranty Finance Company,[10] the court stated:
"... The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscientious and inequitable." (Emphasis ours).
To reiterate, the trial judge left no doubt that defendant would not have obtained judgment by default against plaintiff had he known of the expired motion in the record. Defendant's attorney, for reasons known only to him, purported to offer the entire record in evidence, but omitted from his recitation of the record's contents plaintiff's expired motion for extension of time. The trial judge was acting during the court's summer vacation period, and was not familiar with the case. Under all of these circumstances we conclude the enforcement of the judgment would be inequitable and improper.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The "contract" was a proposal to perform roofing repairs on plaintiff's residence.
[2] 222 La. 1093, 64 So.2d 443.
[3] La.App., 377 So.2d 530.
[4] See Holbrook v. Palermo, La.App., 352 So.2d 419; Sokol v. Bob McKinnon Chevrolet, Inc., La.App., 307 So.2d 404; League Central Credit Union v. Gagliano, La.App., 336 So.2d 931.
[5] La.App., 157 So.2d 282.
[6] In Adams there was no issue regarding misleading the court. That issue is present here and is treated infra.
[7] See also Holbrook v. Palermo, supra, and Sokol v. Bob McKinnon Chevrolet, Inc., supra, note 4.
[8] 157 La. 130, 102 So. 94.
[9] Supra, note 2.
[10] La.App., 158 So.2d 228.