LABORDE, Judge.
Leroy LeBlanc, plaintiff-appellee, filed suit against Web Robertson, defendant-appellant, for damages resulting from Robertson’s breach of a building contract. Robertson failed to answer and a default judgment was entered on March 26, 1980. The default was confirmed on July 18,1980, and judgment was rendered in LeBlanc’s favor in the sum of $39,950.19 plus attorney’s fees. Robertson appeals. We affirm.
In his petition, LeBlanc alleged that he entered into a building contract with Robertson involving the construction of an addition to LeBlanc’s residence. LeBlanc further alleged that after Robertson commenced the work called for in the contract and received a portion of the price, he (Robertson) then ceased operations, refused to continue, and even refused to repair the defects in the completed portion. As a result, LeBlanc claims he was forced to employ other persons to complete the contract and to remedy the defects.
LeBlanc seeks damages resulting from Robertson’s breach of contract. These damages include costs of repairing alleged defects in construction, compensation for mental anguish, and contracted-for attorney’s fees. LeBlanc attached a certified copy of the alleged building contract making it a part of his petition.
No transcript was made of the evidence taken at the confirmation of default, nor, so far as the record shows, was any effort made by appellant to secure a written narrative of facts, either by joint agreement of *995 the parties or else by the trial court if the parties could not agree. LSA-C.C.P. art. 2131.
Robertson first argues that the trial court erred in granting a default judgment beyond the allegations of plaintiff’s petition. In support, he argues that the contract excludes recovery for painting, electrical work, plumbing and insulation; that the contract forms a part of the petition; and that the court allowed recovery for these excludable items. Hence, he reasons, this amounts to recovery beyond the allegations of plaintiff’s petition. Appellant’s first argument lacks merit for the following reasons.
This court has held that when the record contains neither a transcript of testimony nor a written narrative of facts and the respective claims of the parties present factual issues predicated upon the missing oral testimony, the appellate court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence, absent a contrary showing in the record. See Holbrook v. Palermo, 352 So.2d 419 (La.App. 3rd Cir. 1977) and cases cited therein.
Returning to the facts of the instant case, we note that without a transcript of evidence, a written narrative of facts, or even an itemized judgment there is nothing to support appellant’s statement that the court allowed plaintiff recovery for any ex-cludable items. Instead, we note that the award given was well within the allegations of plaintiff’s petition which itemized damages much higher than the ultimate judgment rendered.
We conclude that the record contains nothing to show that the judgment was rendered beyond the allegations of the petition. Hence, we must presume that the trial judge excluded those items which required exclusion and fashioned the award appropriately.
Appellant next contends that the trial court erred in awarding mental anguish damages for breach of a building contract. Due to appellant’s failure to prove that such an award was made, this contention also lacks merit.
Even though plaintiff alleged and prayed for mental anguish damages, appellant has failed to show that the trial court made such an award. Because we are without a transcript of evidence, a written narrative of facts, or a judgment itemizing damages, we must assume that the trial judge correctly construed the law and the evidence and rejected plaintiff’s claim for mental anguish damages. This is borne out by the award made which is within the damages alleged without suggesting that the court added an award for mental anguish.
Appellant’s final contention is that the trial court erred in applying an improper measure of damages for breach of a building contract.
The basic law with regard to a contractor’s liability for breach of a building contract is found in Civil Code Article 2769 which provides:
“Art. 2769. If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
Without the transcript of the evidence in the record, or a written narrative of facts, this court does not on review have any basis by which to determine that the trial court committed error in construing the evidence and awarding damages.
Applying the presumption of its correctness above discussed, we affirm the default judgment at the cost of the defendant-appellant.
AFFIRMED.