412 So.2d 155 (1982)
Stan FEJTA d/b/a Fejta Construction Company
v.
WERNER ENTERPRISES, INC.
No. 12774.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 20, 1982.
Writ Denied June 11, 1982.
*156 Jacqueline Mae Goldberg, New Orleans.
C. James Gelpi, Gelpi & Willeford, P. C., New Orleans.
Before BARRY, WARD and BYRNES, JJ.
WARD, Judge.
This is a suit on an alleged promissory note in the amount of $8,000.00. Defendant Werner Enterprises, Inc., appeals the district court's judgment in favor of plaintiff, Stan Fejta, d/b/a Fejta Construction Company. This note was given by Werner to Fejta as evidence of an amount due Fejta by reason of a construction contract. That contract was signed in September, 1978, when Fejta and Werner entered into an *157 agreement for the construction of Pontchartrain Plaza in New Orleans.
Thereafter, construction commenced, work was performed, but payments agreed to in the contract were not made timely by Werner to Fejta. On April 4, 1979, a writing styled "Promissory Note" was prepared by Fejta and signed by Werner in the office of Fejta Construction Company. After several unsuccessful attempts to collect this indebtedness, in July, 1979, Fejta filed a petition asking for judgment on the note. In response, Werner filed an Exception of No Cause of Action, claiming that the instrument was not a promissory note. This exception was dismissed by the district court, and in October, 1979, Werner filed a general denial in answer to the petition.
In October, 1980, Werner filed a reconventional demand against Fejta for damages in the amount of $1,100,000.00 for breach of the Pontchartrain contract and other construction contracts between Werner and Fejta. Although trial was scheduled for January 28, 1981, the reconventional demand was not served on Fejta until January 14. The trial court ruled that the reconventional demand would not be tried with the principal demand, since the sheriff had served Fejta with the reconventional demand only two weeks before trial. Werner moved for a continuance on the day of trial so that the entire matter could be tried at one time. The motion was denied, and trial commenced. During the trial Werner attempted to present defenses to Fejta's claim on the note; however, the trial court ruled that any defense which was included in the reconventional demand could not be raised. The trial court rendered judgment in favor of Fejta in the amount of $8,000.00 plus interest, holding that the instrument was a legally enforceable promissory note.
Appellant Werner has presented two issues for our consideration: (1) whether the instrument in question was an enforceable promissory note; and (2) whether the trial court erred in refusing to receive evidence of contractual defenses to Fejta's demand for judgment on the note; or alternatively, in refusing to grant the motion for a continuance.
With regard to the status of the note, we agree with the trial court: the instrument sued on is a promissory note. The note is not in the usual form of a promissory note. It states:

Promissory Note
Werner Enterprises, Inc. by resolution and signature acknowledges that a debt of $8000.00 is owed to Mr. Stan Fejta (Fejta Construction Company) regarding the construction of "Pontchartrain Plaza," 1930 West End Park.
This note is payable at maturity on or before May 19, 1979, plus 10% (percent) interest.
 Date: April 4, 1979
The writing was followed by signatures of George R. Werner, Stan Fejta, and August Werner, as well as signatures of two witnesses.
Werner denies that this writing constitutes a promissory note, since a note must bear an unconditional promise to pay and, he alleges, this instrument on its face bears no promise at all, and is nothing more than an acknowledgement of a pre-existing debt. Further, he contends, even if a promise could be construed, it could not be considered unconditional because of language subjecting it to the terms of a prior agreement between the parties "regarding the construction of Pontchartrain Plaza."
Louisiana Revised Statutes, Title 10, defines a promissory note (frequently referred to simply as a "note") as a written promise to pay money to a designated party and signed by the maker of the promise. More specifically, it speaks of a "promise" as an undertaking to pay, and which must be more than an acknowledgement of an obligation. LSA-R.S. 10:3-102(1)(c). As to the instrument questioned by defendant, although some of the instrument's language indicates it is merely a recognition that a debt exists, examination of the entire writing convinces us that it is a written promise by Werner to pay Fejta the amount in question. This interpretation is supported *158 by the styling of the instrument as "Promissory Note," and other language in the note: "The note is payable at maturity...". Fejta and Werner clearly intended this writing to be a written promise to pay money to Fejta.
Werner's second contention, that the note does not contain an unconditional promise to pay, is important only if negotiability is an issue or if Fejta claimed to be a holder in due course. But negotiability of the note is not an issue, although both parties have referred to it; the note was not transferred to a third party; the demand for payment and suit was brought by the original holder. As the original holder of the note, Fejta is not a holder in due course, and his petition for judgment on the note is subject to all defenses which could be raised in a suit between the parties. Republic Finance of Gramercy, Inc. v. Davis, 289 So.2d 891 (La.App. 4th Cir. 1974); B. Olinde & Sons, Inc. v. Istrouma Mercantile Co., 172 So. 793 (La.App. 1st Cir. 1937). Therefore, Werner could have raised contractual defenses in resisting the demand for payment of the alleged debt. The promissory note was only evidence, albeit strong evidence, of the existence of that debt.
However, while we find that the defendant was entitled to raise defenses to the note, LSA-C.C.P. Art. 1005 requires that a party affirmatively plead certain defenses. The applicable paragraph of that article states:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense.
Werner's answer to the petition was merely a denial of indebtedness to Fejta; he did not plead contractual defects or breach of contract as an affirmative defense. Although not specifically listed as affirmative defenses, defects in construction and breach of contract by failure to perform are affirmative defenses which must be specifically pleaded by way of answer. Pace v. Reasing Rivers Construction Co., Inc., 377 So.2d 530 (La.App. 3rd Cir. 1979), Strahan v. Delta General Construction Corp., 207 So.2d 863 (La.App. 4th Cir. 1968). These defenses were not raised until a year later, when the reconventional demand was filed. Therefore, the trial court did not err when it refused to receive evidence of contractual defenses during the trial.
Additionally, the trial court did not err or abuse its discretion when it refused to grant a continuance. The Louisiana Code of Civil Procedure, Art. 1601, allows the trial judge much discretion in granting or denying continuances. Defendant's reconventional demand was not filed until one year after defendant filed a general denial. It was not served on plaintiff until two weeks before trial on the merits of plaintiff's demand. The trial court acted reasonably and within its discretion under these circumstances, and within the spirit of LSA-C.C.P. Art. 1631, which empowers the court to conduct proceedings expeditiously.
We affirm.

ON MOTION FOR REHEARING
PER CURIAM.
Rehearing denied. Counsel for appellant has read meanings into parts of the original decision that a fair reading would indicate are incorrect. In the application for rehearing, counsel for appellant claims the document signed by Werner and Fejta is not a promissory note because it fails to include an unconditional promise to pay, citing DeRouin v. Hinphy, 209 So.2d 352 (La.App. 4th Cir. 1968), writ ref. 252 La. 465, 211 So.2d 330 (1968). We relied on the same case for the specific language that "The word `promise' is not sacramental in a promissory note." In that case the words "to be paid on demand" were found to be a promise to pay, and the document was held to be a promissory note. The note now in *159 question contains a similar phrase: "This note is payable at maturity on or before May 19, 1979...." The language in the instruments is indistinguishable. We believe Werner made a written promise to pay Fejta, that the instrument was a promissory note, and we affirmed the trial judge's finding that it was. However, we do not agree with counsel's contention that the trial judge's finding that the instrument was a promissory note precluded Werner from asserting defenses. Counsel has confused the legal concepts of a non-negotiable promissory note with that of a negotiable instrument in the hands of a holder in due course. Negotiability was not an issue; the note was never transferred to a third party. Hence, counsel could have raised defenses to the suit on the note.
We reiterate, however, that the proper procedure for raising these defenses would have been through answer to the main demand, LSA-C.C.P. Art. 1005, and we cited Pace v. Reasing Rivers Construction Co., Inc., 377 So.2d 530 (La.App. 3rd Cir. 1979), as authority for our opinion. That case clearly shows that appellant's defenses were incorrectly raised by means of a reconventional demand. By citing Pace, supra, in our original opinion, we did not imply that the reconventional demand was forever lost. That is not an issue in this appeal.
Whether the trial judge abused his discretion when he denied counsel for appellant's motion for a continuance is an issue. Counsel for appellant waited a year after the appellee's petition had been filed to make a reconventional demand. The record does not indicate that counsel notified appellee or appellee's counsel of the reconventional demand until after the continuance of the trial from its first setting. Moreover, the reconventional demand was served on appellee only two weeks before the date of the second setting of the trial of the main demand, and more than fifteen months after the filing of Fejta's petition. Under these circumstances, we cannot say the trial judge abused his discretion when he denied counsel's second motion for continuance of the trial, or when he declined to hear the reconventional demand during trial of the main demand.