GARRISON, Judge.
This is an appeal from a default judgment of the Civil District Court dated April 80, 1985 and providing as follows:
“IT IS ORDERED, ADJUDGED, AND DECREED, that the default herein entered on April 28, 1985, be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, Franklin Printing Company, Inc., and against defendants, William Al-lerton & Associates, Inc. and William Al-lerton d/b/a Allerton Advertising and William Allerton individually, in solido, in the full and true sum of Five Thousand Three Hundred Sixty-Nine and 33/100 ($5,369.33) Dollars, with legal interest thereon from date of judicial demand until paid, attorney!s fees in the amount of $1300.00 of the amount of due, finance charges of \xk% per month on all accounts over thirty (30) days, and all costs of these proceedings.”
From that judgment, defendant appeals.
On March 19, 1985 Franklin Press filed a suit on open account against:
(1) “William Allerton & Associates, Inc. ... a Louisiana corporation domiciled and doing business in the Parish of Orleans ...”
(2) “William Allerton d/b/a Allerton Advertising ...”
(3) “... and William Allerton, individually, is of age and domiciled in the Parish of Jefferson ...”
Attached to the petition were Invoices # 83393, 83394, 83396, and 83397 totaling $5,369.33. All four invoices show “Customer Number 01910.” Two invoices show the purchaser as “Allerton Advertising, 1440 Canal Street, New Orleans, La. 70112”, namely Nos. 83393 (7/31/84) and 83394 (7/23/84), totaling $2,349.55. Two invoices, Nos. 83396 (5/11/84) and 83397 (7/31/84) show the purchaser as “William *470 Allerton & Assoc., Inc., 1440 Canal Street, New Orleans, La. 70112.”
Invoice #83394 to Allerton Advertising shows a sale of 3,000 business cards, of which 500 were for William Allerton III, 500 for Gregory Buisson, 1,000 for R.J. Ripp, and 1,000 Masters. Invoice # 83397 to William Allerton & Assoc., Inc. shows a sale of 3,000 business cards of which 1,000 were for William Allerton III, 500 for Gregory S. Buisson, 500 for R.J. Ripp and 1,000 Masters. The other two invoices were for 2,500 letterheads and 2,500 envelopes per invoice and contain no reference as to for whom the paper products are intended.
Also attached to the petition is a demand letter dated January 28, 1985 addressed to:
“William Allerton AND
Allerton Advertising AND
William Allerton & Assoc., Inc.
1440 Canal St.
New Orleans, La. 70112.”
A photocopy of the certified mail receipt dated January 29, 1985 and bearing the signature of William Allerton is also attached.
Service of process on “William Allerton, individually and d/b/a Allerton Advertising” was made on William Allerton personally on March 27, 1985 at 11:00 a.m. by T. Fields, Deputy Sheriff.
A second service of process was made on “William Allerton & Assoc., Inc. through its registered agent for service of process, William Allerton” on March 27, 1985 by personal service on William Allerton as agent.
Neither Allerton individually, nor his corporation Allerton & Assoc., Inc., nor his sole proprietorship, Allerton Advertising filed an answer or made an appearance.
On April 23, 1985 a preliminary default was entered, which was confirmed on April 30, 1985 as quoted above.
On June 12, 1985, Franklin filed a judgment debtor rule which was set for July 2, 1985. Two personal services of the j.d. rule were made on Allerton, one as agent for service of process for “William Allerton & Assoc., Inc.” and one on “William Aller-ton” individually.
On June 26, 1985, “William Allerton & Assoc., Inc. ... William Allerton, and Aller-ton Advertising” filed a petition for appeal.
On appeal, defendants cite three cases for the proposition that Allerton may not be held individually liable: Carboline Co. v. Hymel, 335 So.2d 45 (La.App. 4th 1976); Holbrook v. Palermo, 352 So.2d 419 (La. App. 3rd 1977); Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
In Kem Search, plaintiff sued defendant David Sheffield on open account for petroleum products sold to J-L Petroleum Services. Sheffield was personally served and contacted Kem Search’s attorney requesting an extension of time in which to obtain representation and requesting amicable settlement. Several other phone calls and letters ensued. Sheffield was under the impression that no default judgment would be taken against him during their settlement negotiations. He was further under the impression that the pending but somewhat dormant court action would be activated only if they failed to reach a settlement. Counsel for Kem Search was under an opposite impression and entered a default judgment against Sheffield.
Sheffield later presented evidence of substantial defenses including an erroneous billing of approximately $5,000.00 to his company, an offset debt of $18,000.00 owed to his company by Kem Search, and a credit of approximately $6,000.00 owed to his company by Kem Search. Kem Search did not controvert this evidence.
Accordingly, the court in Kem Search did not find that Sheffield could not be held individually liable, but did find where opposing counsel took a default judgment without prior notice against a defendant with whom he had previously agreed to take no further court actions pending settlement and where the defendant had serious and substantial defenses, that action constituted an “ill practice” under C.C.P. Art. 2004 such that the default judgment was annuled.
*471 In the instant case, no suit to annul the judgment was filed and no defenses have been discussed. Furthermore, Kem Search does not stand for the proposition cited.
In Carboline Co. v. Hymel, above, plaintiff Carboline filed suit against “Ray Hy-mel, doing business as Jay-Ray Sandblasting.” Thus plaintiff filed suit against a sole proprietorship. A default judgment was taken and defendant appealed. On appeal, defendant for the first time raised an exception of no cause of action on the grounds that his business was not a sole proprietorship, but was a corporation. Thus he raised the defense of corporate veil and argued that he was being sued individually for a corporate debt. Hymel had been personally served under the sole priprietorship, but the corporation had not been named in the suit and no service of process was made on the registered agent of the corporation, hence the corporation itself. Thus the corporation was not a party to the suit, although Hymel, personally and individually, was a party. The court confirmed this when it stated:
“We will not maintain the exception of no cause of action because the petition on its face does aver Hymel’s individual liability.” (At 46).
There existed, however, a conflict between Carboline’s petition and Carboline’s exhibits. Six invoices were annexed to Car-boline’s petition. The petition stated defendant owed them the debt, had received the merchandise, acknowledged the indebtedness, promised to pay, but failed to pay. In contrast, however, three of the six invoices showed delivery to “Jay-Ray Sandblasters e/o Hunt Engine Co.” Additionally and as previously discussed, the corporation was not a party to the suit. Three of the invoices, however, reflected sale of materials to the corporation, “Jay-Ray Sandblasters & Painters, Incorporated.”
The trial court thus concluded:
“Because plaintiff's own exhibits contradict its assertions as to Hymel’s individual liability, we conclude there is insufficient evidence to support the judgment.” (At 46).
In order to give plaintiff Carboline an opportunity to amend its suit to include the corporation, the appellate court remanded the case, stating as follows:
“We do note defendant was aware of the pending lawsuit against him individually and failed to present his defenses and/or exceptions. Therefore, we think justice requires our remanding this matter to permit plaintiff to present whatever clarification or amendment might be necessary to properly present his claim.” (At 46).
In contrast, in the instant case, the corporation, sole proprietorship, and individual were all named as parties and individually served. In addition, there exists no conflicts between the invoices and the petition.
In Holbrook v. Palermo, supra, the court found that there was insufficient evidence to sustain a judgment against Palermo individually because (1) Palermo’s name was not on a number of invoices, (2) “none of the invoices show(ed) sales made to Palermo individually” and (3) “plaintiff chose not to prove his case by producing an affidavit of the correctness of the account ...” (All at 422).
In the instant case, however, plaintiff did provide an affidavit of correctness of account and the invoices show sales made to Allerton personally.
Accordingly, and for the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
KLEES, J., concurs in part, dissents in part.